UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODERICK WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-0989-DFH-WTL |
| | ) |
| LEAH WHITE and PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

ENTRY ON PRUDENTIAL'S MOTION TO DISMISS

Defendant Prudential Insurance Company of America has moved to dismiss the claim against it for failure to state a claim.[1]  For reasons explained below, the motion is granted, without prejudice to plaintiff's right to file an amended complaint no later than December 4, 2007.

Plaintiff Roderick White and defendant Leah White were the parents of Jason White, who was employed by United Parcel Service.  Through his employment with UPS, Jason White's life was insured by defendant Prudential. Jason died in an accidental drowning on May 5, 2001.  Because he had not named beneficiaries for the life insurance policy, the proceeds were payable to his surviving parents in equal shares.  Prudential received from Leah White a

---

[1] The complaint mis-states the name of the defendant, but the court has corrected the caption.

document with what purported to be a notarized signature by Roderick White. In that document, Roderick White appeared to have authorized Prudential to pay the entire $40,000 benefit to Leah White. Prudential paid $40,000 plus interest to Leah White in July 2001.

On June 28, 2007, Roderick White filed this action in state court. In count one, he alleged that Prudential failed to pay insurance proceeds as required by the policy. Because the insurance policy was an employment benefit subject to the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, Prudential removed the case to federal court. Count two alleged fraud against Leah White, asserting that the release she sent to Prudential in 2001 was actually a forgery.

Prudential argues that plaintiff has failed to state a claim for relief against it because the allegations and exhibits of the complaint show that Prudential fulfilled its obligations under the contract and there are no allegations that it acted improperly. Prudential also argues that the claim against it is barred by the insurance policy's three-year statute of limitations.

The motion is properly before the court under Rule 12(b)(6). The motion properly relies only on the complaint and its exhibits, see Fed. R. Civ. P. 10(c), plus the insurance policy itself, which is referenced in the complaint and is central to it. See, *e.g.*, *Wright & Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)

(documents referred to in complaint and central to it may be considered on a motion under Rule 12(b)(6)).

The complaint, the exhibits, and the policy show that there is no viable claim alleged against Prudential. The complaint and the exhibits show that Prudential received what appeared to be a facially valid release from Roderick White that authorized Prudential to distribute the entire sum of the policy proceeds to Leah White. The court understands that Roderick White alleges that Leah White forged the document, but he has not alleged that Prudential knew or should have known of the forgery, nor has he alleged any other basis for holding Prudential liable for Leah White's alleged fraud. He has alleged only, in effect, that Leah White deceived Prudential and thereby injured him. The complaint fails to state a claim upon which relief could be granted against Prudential.

In addition, the court agrees with Prudential that the claim against it falls outside the insurance policy's three-year limit for filing claims. See *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874-75 (7th Cir. 1997) (adopting dominant view that parties can contract in ERISA plans to abide by limitations periods shorter than statutory periods so long as contractual limits are reasonable). Roderick White has offered no reason why that time limit should not apply here. In fact, the complaint itself shows that Roderick White was aware of the life insurance policy immediately after his son's death; Exhibit E to the complaint is an affidavit from a man who notarized a document with both

Roderick's and Leah's signatures to release funds from the policy sufficient to cover funeral and burial expenses. If Roderick was expecting any distribution from the insurance policy, he was on notice to inquire about the status of the policy within a reasonable time after his son's death.

The only basis for this court's jurisdiction is the claim against Prudential. The appropriate course of action at this point appears to be to dismiss the claim against Prudential and to remand the action to state court, where Roderick White may pursue his fraud claim against Leah White. See 28 U.S.C. § 1367(c)(3) (authorizing district courts to dismiss supplemental state law claims after all federal claims are dismissed). The court grants Prudential's motion to dismiss, without prejudice to plaintiff's ability to file an amended complaint **no later than December 4, 2007**, if plaintiff believes he can, consistent with Rule 11 of the Federal Rules of Civil Procedure, assert a viable claim against Prudential. If no amended complaint is filed, or if plaintiff earlier indicates he has no objection, the court will enter judgment on count one and remand the remainder of the case to state court.

So ordered.

Date: November 2, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Edna Sybil Bailey
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
edna.bailey@wilsonelser.com

David L. Byers
HOLWAGER BYERS & CAUGHEY
dbyers@hbclegal.com

Robert Eugene Feagley, II
LEE COSSELL KUEHN & LOVE LLP
bfeagley@nleelaw.com

Nathaniel Lee
LEE COSSELL KUEHN & LOVE LLP
nlee@nleelaw.com

Marcelino G. Lopez
LEE COSSELL KUEHN & LOVE LLP
mlopez@nleelaw.com